**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DARRELL WILLIAMS,            :
    Plaintiff,            :
                         Case No. 3:12cv00086
v.            :
                         District Judge Timothy S. Black
                         Magistrate Judge Sharon L. Ovington
DR. JOSEPH DICCIO, *et al.*,  :
    Defendants.           :

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Darrell Williams brings this case *pro se* against Dr. Joseph Diccio, Grandview Hospital, Michael Principe, Nathan Moore, Robert Henry, and Robert Melanshenko. (Doc. #1-2 at 2). An Ohio address is listed for all parties in this case. (*Id.*).

On March 21, 2012, this Court granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. § 1915. Currently, the case is before the Court for a *sua sponte* review in order to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see*

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

*Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler*, 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Determining whether a Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than a 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)). "[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915A and 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (internal citations omitted).

Plaintiff essentially alleges that the named defendants did not provide him with proper medical treatment in relation to a "total knee replacement" he received at

Grandview Hospital in Dayton, Ohio, on September 22, 2010. Specifically, Plaintiff alleges that "upon awakening from surgery [he] was unable to feel [his] left leg all the way down to [his] foot," and a short time after being discharged to a rehabilitation center "noticed quarter size black lesions on [his] left foot . . . ." (Doc. #1-2 at 3). After visiting multiple medical professionals regarding the continuing pain in his left foot, as well as trouble sleeping and loss of weight, Plaintiff claims he ended up at the Cleveland Clinic in November 2010. There, he alleges he "received an EMG which gave a result of decreased sensation 25% in [his] right foot and 100% in [his] left foot." (*Id.* at 4). Plaintiff claims the EMG "also stated that there was nerve injury that could have came from nerve block, tourniquet and/or position if used in treatment." (*Id.*). Thereafter, Plaintiff returned to Dayton in order to continue "physical therapy and long term pain management." (*Id.* at 5). Plaintiff claims he is currently undergoing treatment for the issue and "still experience[s] pain and loss of feeling in [his] left foot." (*Id.*).

As to relief, Plaintiff "would like the court [to] hear [his] case and [that he] be awarded an amount of $300,000 for [his] continued pain and suffering, continued medical assistance [and] noneconomic damages." (*Id.* at 6).

Although Plaintiff's allegations are not delusional, they fail to reveal the presence of a claim over which this Court has subject matter jurisdiction. *See Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction."). Plaintiff's Complaint simply does not raise allegations capable of showing that one or more of the defendants named in this

case acted under the color of state law or violated any of Plaintiff's rights under the United States Constitution. Instead, Plaintiff appears to be asserting a state law claim for medical malpractice. As such, this Court only has subject matter jurisdiction in this case if there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Since multiple parties in this case are residents of Ohio, complete diversity of citizenship does not exist. (Doc. #1-2 at 1-2). Accordingly, this Court lacks subject matter jurisdiction and Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED without prejudice to renewal in state court;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

March 21, 2012                                                                        s/Sharon L. Ovington  
                                                                                    Sharon L. Ovington  
                                                                      United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).